1  Gerald M. Murphy, State Bar No. 99994
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
3  Telephone No.: 415.356.4600
   Facsimile No.: (415) 835-1072
4
   Attorneys for Plaintiff ADVERTISING
5  DISPLAY SYSTEMS 1, LLC,
   a California Limited Liability Company
6

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9
                        SAN FRANCISCO DIVISION
10

ADVERTISING DISPLAY SYSTEMS 1,           Case No.: 06 1020
11 LLC, a California Limited Liability Company,
                                          VERIFIED PETITION FOR WRIT
12      Plaintiff,                        OF MANDATE AND COMPLAINT FOR
                                          DAMAGES, DECLARATORY RELIEF
13 vs.                                    AND PRELIMINARY AND PERMANENT
                                          INJUNCTION
14 CITY AND COUNTY OF SAN
   FRANCISCO, a chartered California city and
15 county; DEPARTMENT OF BUILDING
   INSPECTION, a department of the City and
16 County of San Francisco SAN FRANCISCO
   PLANNING DEPARTMENT, a department
17 of the City and County of San Francisco; SAN
   FRANCISCO PLANNING DIRECTOR, an
18 official of the City and County of San
   Francisco; SAN FRANCISCO ZONING
19 ADMINISTRATOR, an official of the City
   and County of San Francisco; and DOES 1
20 through 100 inclusive,

21      Defendants.

22

23      Plaintiff Advertising Display Systems 1, LLC (hereinafter "Plaintiff") alleges:

24                                  **JURISDICTION**

25      1.      The jurisdiction of this court is invoked on the basis of the existence of a Federal

26 question and deprivation of civil rights pursuant to 28 U.S.C. Sections 1331 and 1343(a)(3).

27 Pendant and supplemental jurisdiction is alleged under 28 U.S.C. Section 1367 and Rule 18,

28 Federal Rules of Civil Procedure for Plaintiff's claim under the California Constitution.

                                              1

## INTRADISTRICT ASSIGNMENT

2. Pursuant to Civil L.R. 3-2 (c), this case shall be assigned to the San Francisco Division or the Oakland Division because the action arises in San Francisco.

## PARTIES

3. Plaintiff is and at all times herein mentioned was an outdoor advertising company properly licensed to conduct outdoor advertising in the State of California including the City and County of San Francisco, California. Plaintiff is the agent and assignee of the claims herein for Michael and Vivian Anthony, Bentley Properties, Wisfe Aishe, who are owners of properties located in the City and County of San Francisco ("Property Owners"). The Property Owners have leased their respective properties, more particularly described below, to Plaintiff for the purpose of conducting general advertising and the holders and owners of existing lawfully issued permits for general advertising signs situated on those properties, as alleged below. The property owners have assigned to Plaintiffs all of their right title and interest in the Replacement Permits described below and claims necessary and incidental to the use and enjoyment of those permits, including without limitation the right to pursue this action.

4. Respondents City and County of San Francisco, a chartered California City and County ("City"); Department of Building Inspection, a department of the City and County of San Francisco ("DBI"); San Francisco Planning Department, a department of the City and County of San Francisco ("Planning Department"); San Francisco Planning Director, an official of the City and County of San Francisco ("Director"); and San Francisco Zoning Administrator, an official of the City and County of San Francisco ("Zoning Administrator"), are now, and at all times herein mentioned in this Petition have been, organized and existing under the Constitution and the laws of the State of California and under the City's charter. At all times mentioned herein, each of the Respondents was an agent of the other and was acting within the course and scope of that agency.

5. Respondent City is now and at all times mentioned in this Petition has been a chartered city and county organized and existing under the Constitution and laws of the State of California and under the City's charter. The City has the responsibility to enforce and defend the

San Francisco Planning Code ("Planning Code").

6. Respondent Planning Department is, and at all times mentioned in this Complaint has been a department of the City, organized and existing under the Constitution and the laws of the State of California and under the City's charter. Under Planning Code section 604(a): "An application for a permit for a sign that conforms to the provisions of this [Planning] Code *shall* be approved by the Department of Planning without modification or disapproval by the Department of Planning or the Planning Commission..."

7. Respondent DBI is, and at all times mentioned in this Complaint has been, a department of the City, organized and existing under the Constitution and laws of the State of California and under the City's charter. Under section 101.20 of the San Francisco Building Code ("Building Code"), the central permit bureau of the DBI "shall process applications for permits required in section 106.1 of this Code and for certain other permits required by ordinance or regulation for other departments and bureaus of the City and County of San Francisco." Under Building Code section 3101F.1, all signs placed upon or attached to any building, structure or property "shall be installed under a valid sign permit."

8. Respondent Planning Director is, and at all times mentioned in this Complaint has been, an officer of the City and County.

9. Respondent Zoning Administrator is, and at all times mentioned in this Complaint has been, an officer of the City and County. Under Planning Code section 307, the Zoning Administrator has the authority to interpret the Planning Code so as to authorize the issuance of permits to replace lawfully existing general advertising signs and the duty under Planning Code Section 604(a) to authorize such permits upon proper application.

10. Plaintiff Advertising Display Systems 1, LLC, is a California Limited Liability Company duly authorized to conduct business in California, and is the owner and/or assignee and holder of the right, title and interest in the claims asserted herein. Plaintiff does not know the true names and capacities of Respondents fictitiously-named herein as Does 1 through 100, inclusive. Plaintiff is informed and believes, and thereon alleges, that such fictitiously-named Respondents are responsible in some manner for the acts and omissions complained of or pending herein.

Plaintiff will amend this Complaint to allege the fictitiously-named Respondents' true names and capacities when ascertained by the Plaintiff.

11. On October 10, 2003, the San Francisco Board of Permit Appeals upheld the decision of the San Francisco Planning Department in that case entitled *ClearChannel Outdoor, Inc. v. Department of Building Inspection*, Appeal No. 03-036 ("*Pocoroba* Decision"), to issue a replacement permit to permit holder and property owner Margie Pocoroba, concluding:

- **Conclusion of Law No. 1**: The Property Owner had a vested right to the use of the Property to display general advertising at the new Billboard location. As long as the Property owner does not abandon the use, the City may only require the Property Owner to obtain appropriate permits for the erection of [replacement] sign structures to effectuate their vested right in the use of the Property. The Property Owner does not now need a separate permit to use the Property for general advertising signage in the original location;

- **Conclusion of Law No. 3:** "Permission to use the property for display of general advertising is a matter of land use. Therefore, a permit authorizing the use of property for general advertising displays is governed by the law in effect at the time the City issued the permit, *Russian Hill Improvement Assn. V. Board of Appeals, (1967)* 6 Cal2d 24. The permit is not governed by the law in effect when the property owner applied for the permit. Therefore the relocation permit issued to the Property Owner in July, 2002 simply documented the Property Owner's vested rights to use the Property at the designated location for the display of general advertising. It did not and could not legalize a new general advertising sign use of the Property that was not legally existing on March 5, 2002;

- **Conclusion of Law No. 4:** "Permission to use the property for display of general advertising is a matter of land use. Under the City's Planning and Building Codes, the permit authorizing such land use is an entitlement that runs with the land, belongs to the property owner, and which the property owner may transfer to subsequent owners of the property. The right to such land use does not belong to the sign company.

- **Conclusion of Law No. 5:** "Because the 1986 variance gave the Property Owner a vested right to display the Billboards prior to the effective date of Proposition G (March, 2002),

the 2003 permit under appeal is simply a permissible authorization for the reinstallation of existing legal billboards after necessary maintenance."

12. On November 12, 2004, the City of San Francisco Planning Department approved Permit Application No. 200406085840, which authorized the Department of Building Inspection to issue a building permit to Plaintiff herein as agents for the property owner Violet Taffee, authorizing the installation of a replacement of a lawfully existing general advertising sign structure at 1401 Folsom Street, with the new structure to be occupied by general advertising. (hereinafter the term "Replacement Permit" refers to a permit applied for and/or issued by the City and County of San Francisco Department of Building Inspection to a property owner or its agent for the purpose of installing a general advertising sign as replacement for a lawfully existing general advertising sign located at the subject property.)

13. On February 7, 2005, Viacom Outdoor initiated Action No. 504961 in the San Francisco Superior Court (naming Plaintiff herein and the property owner Violet Taffee as real parties in interest), by filing a writ of mandamus and seeking declaratory and injunctive relief for the express purpose of nullifying the 1401 Folsom Street replacement permit (and a similar permit issued for the property at 2599 San Bruno Avenue), specifically, and the issuance of further replacement permits, generally. Viacom was the former tenant for general advertising purposes and the owner of the then existing sign structure and sought to prevent the property owner from replacing the legally existing Viacom structure with a replacement structure. On August 11, 2005, the San Francisco Superior Court entered Judgment on Demurrer in favor of Plaintiff herein upholding the validity of the Taffee Replacement Permit. The San Francisco Superior Court sustained Plaintiff's Demurrer on the ground that Viacom had no standing to challenge the 1401 Folsom Street replacement permit because it was not a new land use permit (the original use was granted under the 1978 permit and was never abandoned) and the permit was owned by the property owner in any event, relying on *Anza Parking Corp. v. City of Burlingame* (1987) 195 Cal.App.3d 855. The City has since approved and issued the Taffee Replacement Permit to Plaintiffs' as agent for the property owner, and Plaintiffs have constructed the replacement sign in accordance with that permit.

14. On December 13, 2005, Supervisor Arron Peskin submitted draft legislation drafted by the San Francisco City Attorney to the Board of Supervisors, titled "General Advertising - Sign Relocation Agreements, Sign Inventories, and Associated Fees" (Legislation No. 052021", which expressly acknowledges the current law that authorizes the issuing of Replacement Permits, further providing that any such Replacement Permit issued before the effective date of the proposed amendment to the Planning Code is not a violation of the Code and is legal.

## I.
## STATEMENT OF FACTS

**Applications for Permits to Replace Lawfully Existing General Advertising Signs**

**2599 San Bruno Avenue**

15. On September 28, 2001, Plaintiff entered into a lease agreement for general advertising at the real property situated at 2599 San Bruno Avenue, San Francisco, California ("2599 San Bruno Property") with Michael and Vivian Anthony, the owners of said Property. The term of the lease is 20 years, which term could not commence until the replacement structure is constructed and advertising copy is placed thereon.

16. The 2599 San Bruno Property has an existing lawfully erected general advertising sign structure built pursuant to Permit No. 252656 issued on June 4, 1963. That permit is owned by the property owner and has never been abandoned nor has it ever been rescinded. The right to conduct general advertising on the 2599 San Bruno Property is vested in the property owner and has been leased to Plaintiff for the term of the lease.

17. On August 25, 2004, Plaintiff, as agent for Michael and Vivian Anthony, the owner of the 2599 San Bruno Property, applied for permit to replace the existing sign structure with a new structure to be used and occupied by a general advertising sign ("2599 San Bruno Permit"). On December 13, 2004, the City of San Francisco issued the replacement permit, but suspended it on March 3, 2005, pending Plaintiff's application for a "demolition permit" to remove the existing sign structure.

18. Thereafter, Plaintiff complied with the City's demolition permit requirement and filed for the 2599 San Bruno demolition Permit. To date, the City has neither approved nor

disapproved said demolition permit application nor rescinded its suspension of Plaintiff's installation permit.

19. Plaintiff has demanded that the City lift the suspension and activate the permit or take appropriate steps to rescind the issued permit so as to enable Plaintiff to appeal the decision to the Board of Appeals. The City has refused to lift the suspension and activate the issued permit; and has failed to rescind the permit application.

20. As a result of the City's failure to issue the 2599 San Bruno permit, Plaintiff's leasehold interest has been rendered valueless, and each month of delay in issuing the permit has caused damage to Plaintiff in the amount $384,000.00, representing the loss of monthly net revenue from the operation of the general advertising sign at the 2599 San Bruno Property from February 1, 2005 to February, 2006. Said damages will continue to accrue at the rate of $32,000.00 per month over the term of the lease between Plaintiff and Anthony.

**240 Stockton Street**.

21. On January 1, 2004, Plaintiff entered into a lease agreement for general advertising at the real property situated at 240 Stockton Street, San Francisco, California ("240 Stockton Street Property") with Bentley Properties, the owner of that property. The term of the lease is 20 years, which term cannot commence until the replacement structure is constructed and advertising copy is placed thereon.

22. The 240 Stockton Street Property has an existing lawfully erected general advertising sign structure built pursuant to Permit No. 80331 issued on February 14, 1946. That permit is owned by the property owner and has never been abandoned nor has it ever been rescinded. The right to conduct general advertising on 240 Stockton Street Property is vested in the property owner and has been leased to Plaintiff for the term of the lease.

23. On October 6, 2004, Plaintiff, as agent for Bentley Properties, the owner of 240 Stockton Street Property, applied for permit to replace the existing structure with a new structure to be used and occupied by a general advertising sign ("Stockton Street Permit"). To date, the City has not approved nor disapproved said Stockton Street Permit application, but instead in January 2005, as a condition of approval, the City required Plaintiff to file for a "demolition

7

1  permit" to remove the existing sign structure. On February 1, 2005, Plaintiff complied with the
2  City's request and applied for said demolition permit. To date, twelve (12) months later, the City
3  has neither approved nor denied Plaintiff's demolition or sign installation permit.

4      24. Plaintiff has demanded that the City either approve or disapprove their requested
5  permits (demolition and installation permits). The City has refused to approve or reject said
6  permit applications.

7      25. As a result of the City's failure to issue the Stockton Street Permit, Plaintiff's
8  leasehold interest has been rendered valueless, and each month of delay in issuing the Stockton
9  Street Permit has caused damage to Plaintiff in the amount $324,000.00, for the period January to
10 February, 2006, representing the loss of monthly net revenue from the operation of the general
11 advertising sign at the 240 Stockton Street Property, as of the date of the filing hereof. Said
12 damages will continue to accrue at the rate of $27,000.00 per month over the term of the lease
13 between Plaintiff and Bentley Properties.

**2985 San Bruno Avenue**

15     36. On October 24, 2001, Plaintiff entered into a lease agreement for general
16 advertising at the real property situated at 2985 San Bruno Avenue, San Francisco, California
17 ("2985 San Bruno Property") with Wisfe Aishe, the owner of that property. The term of the lease
18 is 20 years, which term cannot commence until the replacement structure is constructed and
19 advertising copy is placed thereon.

20     37. The 2985 San Bruno Property has an existing lawfully erected general advertising
21 sign structure built pursuant to Permit No. 202307 issued on September 12, 1957. That permit is
22 owned by the property owner and has never been abandoned nor has it ever been rescinded. The
23 right to conduct general advertising on the 2985 San Bruno Avenue Property is vested in the
24 property owner and has been leased to Plaintiff for the term of the lease.

25     38. On October 14, 2004, Plaintiff, as agents for Wisfe Aishe, the owner of the 2985
26 San Bruno Property, applied for permit to replace the existing structure with a new structure to be
27 used and occupied by a general advertising sign ("2985 San Bruno Permit"). On December 16,
28 2004, the City of San Francisco Planning Department approved said permit application and

forwarded the application to the Building Department for permit issuance. On January 18, 2005, the Planning Department suspended its approval pending the application by Plaintiff for a demolition permit to remove the existing structure. On February 1, 2005, Plaintiff complied with said request and applied for said demolition permit. To date, the City has not approved the demolition permit application.

39. Plaintiff has demanded that the City lift the suspension and send the approved application back to the Building Department or take appropriate steps to rescind their approval of said permit application. The City has refused to lift the suspension and send the approved application to Building for permit issuance; and has failed to rescind its prior approval.

40. As a result of the City's failure to issue the 2985 San Bruno Permit, Plaintiff's leasehold interest has been rendered valueless, and each month of delay in issuing the permit has caused damage to Plaintiff in the amount $408,000.00, representing the loss of monthly net revenue from the operation of the general advertising sign at the 2985 San Bruno Property for the period of February 1, 2005 to February, 2006. Said damages will continue to accrue at the rate of $34,000.00 per month over the term of the lease between Plaintiff and Anthony.

### Exhaustion of Administrative Remedy Futile

41. Because the City has failed to issue each of the permits described herein as mandated by Planning Code section 604(a), and has failed to lift the foregoing suspensions and/or reject or otherwise disapprove the permits application, Plaintiff has no standing to appeal to the Board of Appeals, as there is no decision or record upon which to file and perfect such appeal. For that reason, any appeal would be futile and Plaintiff has met its duty to exhaust administrative remedies. As result of the failure of the City to reject or otherwise disapprove Plaintiffs applications for Replacement permits or lift the suspensions described above, Plaintiffs have been deprived procedural and substantive due process rights protected under the constitutions of the United States and the State of California.

### II.
### FIRST CAUSE OF ACTION
### WRIT OF ADMINISTRATIVE MANDAMUS

42. Plaintiff realleges and incorporates by reference Paragraphs 1 through 41 as though

9
VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF AND PRELIMINARY AND PERMANENT INJUNCTION

fully set forth herein.

43. The Zoning Administrator is under a mandatory duty to issue Replacement Permits. The failure by the City Planning Department and Zoning Administrator to issue the Replacement Permits described herein was an invalid and unauthorized exercise of discretion because under the law in existence at all times mentioned herein Replacement Permits are and required to be issued under San Francisco Planning Code Section 604(a).

- Planning Code Section 604(a) imposes a mandatory duty upon the Zoning Administrator and Planning Department to issue Replacement Permits in that "An application for a permit for a sign that conforms to the provisions of this [Planning] Code *shall* be approved by the Department of Planning without modification or disapproval by the Department of Planning or the Planning Commission

- PC Section 604(h) has always provided that an owner can "voluntarily remove *and reinstall*" a lawfully existing general advertising sign.

- Under PC Section 180(g) signs are expressly carved out of the general law governing non-conforming uses and non-complying structures, and are expressly relegated to the provisions of Article 6;

- PC Section 611(a), created by Prop G, does not expressly nor implicitly prohibit permits to replace lawfully existing signs or sign structures, it merely prohibits "new" general advertising signs. It therefore, by specific language, had no effect on lawfully existing general advertising signs and did not change existing law allowing such replacement permits. The purpose of that legislation was to prohibit future permits for general advertising signs that would add to the then existing inventory of general advertising signs;

- The conformity of the use is determined under the law that existed when the original permit was issued (pre-Prop G), not when the replacement permit is applied for (post Prop G).

- The *Pocoroba* Decision and the Superior Court have held that a replacement permit is not a new permit (post Prop G), as the original use granted was never abandoned nor rescinded. To the contrary it vested in the Property owner.

10
VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF AND PRELIMINARY AND PERMANENT INJUNCTION

1          -          Draft language now before the Board of Supervisors provides that: "A sign voluntarily removed *may be restored* only in conformance with this code" [Current PC Sec. 604(h) . . . continuing with the proposed addition: ". . . such re-installation pursuant to a duly issued permit before the effective date hereof shall not be a violation of PC Sec. 611(a) and shall be considered legally existing. (Draft legislation, p. 25, ll. 9-17.)

44.     The failure to issue the Replacement Permits described herein constitutes a taking of Plaintiff's property without due process and a violation of Plaintiff's vested right to construct, operate and maintain the Signs and use the property for general advertising purposes under the Permits.

45.     Plaintiff has clear, present and beneficial right to maintain the use and enjoyment of the Permits.

46.     Plaintiff has no other speedy and adequate remedy other than the issuance of an administrative writ of mandamus.

47.     Plaintiff cannot exhaust all administrative remedies in seeking a reversal of a decision by the Board of Appeals because the Board of Appeals was deprived of jurisdiction by the City and cannot act due to the City's refusal to deny the Replacement Permit Applications.

48.     The failure to issue Replacement Permits constitutes the taking of private property in violation of Articles 5 and 14 of the United States Constitution, and Article 1, Section 19 of the Constitution of the State of California.

49.     There may be relevant evidence to offer concerning the above issues during the administrative process, but in the exercise of reasonable diligence, Plaintiffs could not produce this evidence, because Plaintiff were deprived of their right to hearing before the Board of Appeals due to the City's refusal to grant or deny the replacement permit applications.

50.     Plaintiff is personally obligated to pay its attorney's fees to prosecute this action. Plaintiff does not know the total amount of attorney's fees, but will ask leave of court to amend this complaint as necessary to state the same when they have ascertained said amount. Plaintiff is entitled to recover its fees herein under CCP 1021.5 the private attorney general doctrine.

51.     Plaintiff prays for judgment to include and administrative writ of mandamus

requiring the City to issue replacement permits, and allowing Plaintiff to construct its Signs on the properties located at 2599 San Bruno Avenue, 240 Stockton Street, 2985 San Bruno Avenue, 1029 Hyde Street and 504 6th Street.

## III.
## SECOND CAUSE OF ACTION
## WRIT OF TRADITIONAL MANDAMUS

52. Plaintiff realleges and incorporates by reference paragraphs 1 through 51 as though fully set forth as part of this cause of action.

53. The City violated its certain, definite, fixed, clear, present and ministerial duty when it failed to issue replacement permits, as set forth in Paragraph 43 above.

54. The failure to issue replacement permits was and is so unreasonable and arbitrary as to indicate an abuse of discretion as a matter of law.

55. Plaintiff has a clear, present and beneficial right to maintain the use and enjoyment of the Permits.

56. Plaintiff has no other speedy and adequate remedy other than the issuance of a writ of mandamus.

57. Plaintiff cannot exhaust all administrative remedies in seeking issuance of replacement permits because the Board of Appeals cannot act because the City will not act to deny the replacement permit applications.

## IV.
## THIRD CAUSE OF ACTION
## DECLARATORY RELIEF

58. Plaintiff realleges and incorporates by reference Paragraphs 1 through 57 as though fully set forth as part of this cause of action.

59. There is an actual controversy relating to the respective legal rights and duties of Plaintiff and the City. Plaintiff desires a declaration of its respective rights and duties with respect to the issuance of the Replacement Permits described herein for the properties situated at 2599 San Bruno Avenue, 240 Stockton Street and 2985 San Bruno Avenue, and the issuance of Replacement permits generally.

60. Such declaratory relief would avoid a multiplicity of legal actions to challenge the

right of the City to refuse to grant or to deny applications for replacement permits on each and every property in the City of San Francisco that is occupied by a lawfully existing general advertising sign.

61. Such declaratory relief would relieve Plaintiff from uncertainty and insecurity with respect to its rights, status and other legal relations as to the Replacement Permits.

## V.
## FOURTH CAUSE OF ACTION
## INVERSE CONDEMNATION
## (AGAINST THE CITY ONLY)

62. Plaintiff realleges and incorporates by reference Paragraphs 1 through 61 as though fully set forth as part of this cause of action.

63. Plaintiff is the agent and/or assignee of the owners of the Replacement Permits and is the holder of a leasehold interest in the each of the properties located at 2599 San Bruno Avenue, 240 Stockton Street, and 2985 San Bruno Avenue.

64. The failure to issue replacement permits by the City constitutes a taking of Plaintiff's property without providing notice and a prior opportunity to be heard.

65. City's failure to issue replacement permits has taken the Plaintiff's property without payment of just compensation in violation of Article 1, Section 19 of the California Constitution and in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

66. The reasonable value of said taking for each of the properties in terms of monthly loss of net revenue is as follows: 2599 San Bruno Avenue $384,000.00 to date, $32,000.00 per month thereafter; 240 Stockton $324,000.00 to date, $27,000.00 per month thereafter; 2985 San Bruno Avenue $408,000.00 to date, $34,000.00 per month thereafter; The total value of the diminution in Plaintiffs leasehold interests to date is $1,116,000.00, $93,000.00 per month thereafter.

67. In terms of asset capitalized value, Plaintiff's loss is as follows: 2599 San Bruno Avenue $3,200,000.00; 240 Stockton $2,700,000.00; 2985 San Bruno Avenue $3,400,000.00; for a total loss of asset capitalized value of $9,300,000.00.

VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES, DECLARATORY RELIEF AND PRELIMINARY AND PERMANENT INJUNCTION

## VI.
## FIFTH CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS, 42 USC § 1983
### (AGAINST THE CITY ONLY)

68. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 67 as though fully set forth as part of this cause of action.

69. Acting under the color of state law, City violated Plaintiff's civil rights, thus entitling Plaintiff to the remedies under 42 USC § 1983, in the following ways:

70. City violated Plaintiff's procedural due process rights found in the Fifth and Fourteenth Amendments to the Untied States Constitution.

71. By depriving Plaintiff of substantially all reasonable use of the Replacement Permits based on arbitrary and capricious government action, City violated Plaintiff's substantive due process guarantees found in the Fifth and Fourteenth Amendments.

72. As result of such violation, Plaintiffs have been damaged in the amount of $1,116,000.00 in net revenue to date; and $ 93,000.00 per month thereafter; and in the amount of $9,3000,000.00 in capitalized asset value.

## VII.
## SIXTH CAUSE OF ACTION
## INJUNCTIVE RELIEF
### (AGAINST ALL DEFENDANTS)

73. Plaintiff realleges and incorporates by reference Paragraphs 1 through 72 as though fully set forth as part of this cause of action.

74. The failure to issue Replacement Permits will cause the Plaintiff to suffer an irreparable injury because the Permits entitled Plaintiff to maintain the Signs on the Property and the Signs and the Permits were unique property interests in good will and proprietary trademark development that were irreplaceable. Money damages are inadequate to compensate Plaintiff for the loss of good will and diminution in trademark value created by the denial of the beneficial use and enjoyment of Signs because the Signs were in unique locations in San Francisco, and those locations cannot be replaced elsewhere due to the moratorium against new general advertising sign permits created in March 2002 by Prop G, Planning Code Section 611(a).

VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES, DECLARATORY

75. Plaintiff has established the reasonable probability of success on the merits.

76. Plaintiff prays for an Order for temporary and preliminary injunctive relief requiring the City to issue the Permits and prohibiting the City from interfering with Plaintiffs use and enjoyment of Signs, and a judgment for permanent injunctive relief allowing Plaintiff to construct, maintain and use the Signs on each of the properties at 240 Stockton Street, 2599 San Bruno, and 2985 San Bruno Avenue.

### JURY DEMAND

77. Plaintiff requests that the damage claims stated in the 5th and 6th causes of action be tried by a jury.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For compensatory damages in an amount to be ascertained at trial before a jury;

2. For an order requiring Defendants to show cause, if any they have, why they should not be enjoined as set forth below, during the pendency of the action;

3. For a temporary restraining order, a preliminary injunction, and a permanent injunction.

4. For a declaration of rights;

5. For Plaintiff's attorney's fees pursuant to CCP 1021.5 and costs of suit herein; and

6. For such further relief as this Court shall deem just and proper.

DATED: February 14, 2006        LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Gerald M. Murphy
Attorneys for Real Party In Interest
ADVERTISING DISPLAY SYSTEMS-1, a California limited liability company.